IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO *ex rel.*
HECTOR BALDERAS,

    Plaintiff,

v.                                                              Civ. No. 14-663 KG/KK

BYRON LEE LANDAU *et al.*,

    Defendants.

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION TO PERMIT ALTERNATIVE SERVICE**

THIS MATTER is before the Court on Plaintiff's Motion to Permit Alternative Service upon Witness Arman Khourshidian (Doc. 57), filed January 23, 2015. The Court, having reviewed Plaintiff's submissions and the relevant law, having noted that the motion is unopposed, and being otherwise fully advised, FINDS that the motion is well taken in part and is GRANTED IN PART.

In its motion, Plaintiff submits evidence that it has hired two process servers, who have made fourteen (14) unsuccessful attempts to personally serve Arman Khourshidian with a subpoena *duces tecum* to produce documents pursuant to Federal Rule of Civil Procedure 45. (Doc. 57-3, 57-4.) According to Plaintiff, on at least three occasions, Mr. Khourshidian provided Plaintiff's counsel or process server with incorrect information about when and/or where he would be available to receive service. (Doc. 57 ¶¶ 6-7; Doc. 57-3 ¶¶ 14-16; Doc. 57-4 at 1.) Plaintiff now seeks the Court's leave to serve Mr. Khourshidian by means other than personal service, specifically by: (1) posting a copy of the subpoena on the front door of his confirmed residence; and, (2) sending a copy of the subpoena to his confirmed residential address via first class mail. (Doc. 57 at 4.) For the reasons set forth below, the Court will permit Plaintiff to

attempt to serve Mr. Khourshidian by means other than personal service. However, the Court will require Plaintiff to attempt to service by: (1) posting a copy of the subpoena on the front door of Mr. Khourshidian's confirmed residence; and, (2) sending a copy of the subpoena to his confirmed residential address by *certified* United States mail or by the equivalent service of a commercial delivery company such as Federal Express.

Federal Rule of Civil Procedure 45 states in pertinent part that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "Many federal courts have interpreted this language…literally to require nothing short of personal service." *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012); *see*, *e.g.*, *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995). However, in recent years, many other courts have found that an alternative means of service satisfied Rule 45, as long as the alternative means reasonably ensured that the target actually received the subpoena. *See*, *e.g.*, *Ott*, 682 F.3d at 557 (certified mail); *Bland v. Fairfax Cty.*, 275 F.R.D. 466, 468-71 (E.D. Va. 2011) (Federal Express and certified mail); *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp.2d 752, 753-54 (E.D. Mich. 2011) (first-class mail and posting at target's known address); *E.A. Renfroe & Co., Inc. v. Moran*, 2008 WL 1806200 at *3-*4 (D. Colo. 2008) (delivery outside of target's confirmed residence after target's wife refused to accept service); *Hall v. Sullivan*, 229 F.R.D. 501, 503-06 (D. Md. 2005) (Federal Express); *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 WL 1822432 at * 2 (D. Kan. 2002) (Federal Express); *King v. Crown Plastering Corp.*, 170 F.R.D. 355, 356-57 (E.D.N.Y. 1997) (hand delivery to unidentified woman at targets' single-family residence and by mail); *Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994) (certified mail); *cf. Firefighters' Inst. for Racial Equal. v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) ("When a non-party is

served, the method of service needs to be one that will ensure the subpoena is placed in the actual possession or control of the person to be served.  Although this interpretation may allow service by other than personal delivery, it is not broad enough to include either fax or regular mail because the court cannot be assured that delivery has occurred."); *Bank of Okla., N.A. v. Arnold*, 2008 WL 482860 at *2-*3 (N.D. Okla. 2008) ("Even if the Court agreed that Rule 45 does not restrict the manner of service of a subpoena to personal service, the cases so holding…have not extended [alternative service] to email or facsimile.").[1]

Courts have posited a number of reasons for departing from the historical requirement that Rule 45 subpoenas must be personally served.  These reasons include:

> (1) the actual language of the rule does not require personal service; (2) as [Federal Rule of Civil Procedure 4] demonstrates, the drafters of the Federal Rules knew how to require personal service when they wanted it; (3) the cases holding that personal service is required by Rule 45 do not provide meaningful analysis, but instead simply quote the rule; and[,] (4) there is absolutely no policy distinction that would justify permitting "lesser" forms of service for a summons and a complaint—which actually commence a lawsuit—but not for a subpoena.

*Hall*, 229 F.R.D. at 505 (citation omitted).

The Court finds the reasoning of the *Ott* line of cases persuasive.  The Court also finds that Plaintiff has made diligent attempts to serve Mr. Khourshidian personally, and that its failure to personally serve him is likely due to his efforts to evade service.  The Court therefore adopts the reasoning of the *Ott* line of cases, and holds that Plaintiff may attempt to serve Mr. Khourshidian with a Rule 45 subpoena *duces tecum* by means other than personal service.  The Court is mindful, however, that any alternative means of service must reasonably ensure that the target actually receives the subpoena.  *Hall*, 229 F.R.D. at 505; *Firefighters' Inst. for Racial Equal.*, 220 F.3d at 903.  The Court will therefore require Plaintiff to attempt to serve Mr.

---

[1] "There appears to be no binding precedent in the Tenth Circuit favoring either position." *E.A. Renfroe & Co., Inc.,* 2008 WL 1806200 at *4.

Khourshidian with the subpoena by the following means, which will assure the Court that he has actually received it: (1) posting a copy of the subpoena on the front door of his confirmed residence; and, (2) sending a copy of the subpoena to his confirmed residential address by *certified* United States mail, or by using a commercial delivery service with documentation of delivery and receipt equivalent to certified United States mail.[2]

For all of the above reasons, the Court grants Plaintiff's Motion to Permit Alternative Service upon Witness Arman Khourshidian (Doc. 57) in part.  Plaintiff may attempt to serve Mr. Khourshidian with a subpoena *duces tecum* by means other than personal service as specifically described herein.

IT IS SO ORDERED.

*Kirtan Khalsa*
───────────────────────────────
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court recognizes that Mr. Khourshidian may persist in trying to evade service of process, and does not foreclose the possibility of Plaintiff's obtaining the Court's leave to use some other alternative means of service if necessary, as long as the other alternative means reasonably ensure Mr. Khourshidian's actual receipt of the subpoena.