IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*,
HECTOR H. BALDERAS, Attorney General of
New Mexico,

      Plaintiff/Petitioner,

vs.                                                             Civ. No. 14-663 KG/KK

BYRON LEE LANDAU, an attorney and resident of Nevada;
et al.,

      Defendants/Respondents.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants' Motion to Strike Plaintiff's First Amended Complaint (Motion to Strike) filed by Defendants Scott Murakami and Ariyo Mackay a/k/a Chris Mackay (collectively, Moving Defendants ) on May 8, 2015. (Doc. 89). On May 20, 2015, Plaintiff filed a response; on June 3, 2015, Moving Defendants filed a reply; and on June 12, 2015, Plaintiff filed a surreply. (Docs. 94, 100, and 106). Having considered the Motion to Strike and the accompanying briefs, the Court denies the Motion to Strike.

A. Background

    1. *Pertinent Procedural History*

On February 17, 2015, Plaintiff filed a timely First Amended Complaint (Doc. 68), albeit *ex parte* and under seal. *See* Order Granting Plaintiff's Motion for Extension of Time to Amend Complaint (Doc. 64). On April 29, 2015, the Court ordered that the First Amended Complaint be unsealed immediately. (Doc. 85). In addition, the Court ordered that counsel

> confer with one another regarding whether all parties gave Plaintiff written consent to file the First Amended Complaint. If so, the parties shall file a stipulation to that effect

within three (3) days of entry of this Order.  If not, any Defendant may file a motion to strike the complaint within ten (10) days of entry of this Order.

*Id.* at 2.  The parties did not file a stipulation demonstrating consent.  Instead, Moving Defendants filed this Motion to Strike arguing that they did not consent to the filing of the First Amended Complaint and that the Court should strike the First Amended Complaint for other reasons as well.

    *2. Evidence of Consent*

On January 30, 2015, Plaintiff's counsel, David Kramer, emailed all of defense counsel seeking written consent to file an amended complaint.  (Doc. 94-1) at 1.  Kramer stated in that email that counsel should "[f]eel free to call [him] anytime."  *Id.*  Counsel for Moving Defendants, Tom Borchard, replied to Kramer by stating, "[T]ell me where to sign."  *Id.* at 4.  Kramer responded to Borchard by asking Borchard to either provide a "written agreement" or to inform him of opposition to filing an amended complaint.  *Id*. at 5.  Borchard then asked Kramer if he was "going to circulate a document" for everyone's signature.  *Id.*  Kramer responded that he believed an email indicating consent to the filing of the amended complaint complies with Fed. R. Civ. P. 15(a)'s "written consent" requirement.  *Id.*  Borchard replied, "Then I consent." *Id.* at 6.  Borchard also sent another email in which he stated, "[T]his will serve as notice of my consent and non-opposition to your motion to amend the complaint; I consent!"  *Id.* at 7. Borchard states in his reply brief that his consent was based on Plaintiff's representation during a phone call that Plaintiff was only going to add "a few defendants."  *See* (Doc. 100) at 2.

B.  Discussion

Rule 15(a)(2) required Plaintiff to either obtain the written consent of Defendants to file the First Amended Complaint or to obtain leave of the Court to do so.  Plaintiff chose to obtain

2

the consent of Defendants. Moving Defendants now claim that their consent was not valid because they did not know what they consented to, i.e., they did not know the content of Plaintiff's proposed amended complaint.

"In order to be certain that the adverse party in fact has given consent and does not object to the proposed amendment, Rule 15(a) requires that the consent be written." 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, & Adam N. Steinman, *Federal Practice & Procedure* § 1490 (3d ed. 2008). Once the pleader secures the consent of the adverse parties, "[t]he pleader's right to amend is not subject to the court's discretion and the court must permit the amendment to be filed." *Id.* If an adverse party initially agrees to an amendment and then subsequently asserts that a pleader not be allowed to amend a complaint, Rule 15(a)(2), nonetheless, requires that the adverse party "remain bound by that agreement." *Corwin v. Marney, Orton Investments*, 843 F.3d 194, 199 (5th Cir. 1988).

As an initial matter, the Court gives little weight to Borchard's statement in the reply brief that Plaintiff represented in a phone call that only "a few defendants" would be added. First, the Local Rules require that a movant's evidence in support of a factual allegation be "in the form of affidavits, deposition excerpts, or other documents…." D.N.M. LR-Cv 7.3(b). Here, Plaintiff has not supported Borchard's statement with documentary support of any kind. Second, Borchard fails to indicate who he spoke with, the date and time of the conversation, or whether anyone else heard the conversation. Borchard's statement is, therefore, vague and fails to provide enough information to be accorded much weight.

In this case, the emails unequivocally indicate that Moving Defendants consented to the filing of the First Amended Complaint. Although Plaintiff filed the First Amended Complaint *ex parte* and under seal, the Court finds it curious that Borchard apparently did not ask any

3

questions about the proposed amended complaint, including what Plaintiff meant by adding "a few defendants" or how the proposed amended complaint would affect his clients. Considering the content of the emails, the Court concludes that Moving Defendants are bound by their written consent to the filing of the First Amended Complaint. Lacking discretion to rule otherwise, the Court, therefore, denies the Motion to Strike.

IT IS ORDERED that Defendants' Motion to Strike Plaintiff's First Amended Complaint (Doc. 89) is denied.

_____
UNITED STATES DISTRICT JUDGE