IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*,
HECTOR H. BALDERAS, Attorney General of
New Mexico,

    Plaintiff/Petitioner,

vs.                                                                Civ. No. 14-663 KG/KK

BYRON LEE LANDAU, an attorney and resident of Nevada;
et al.,

    Defendants/Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the following:

1. Plaintiff's Motion for Default of Defendant Byron L. Landau (Doc. 35), filed on November 21, 2014,

2. Plaintiff's First Amended Motion for Default of Defendant Credence Professional Group, Inc. (Doc. 36), filed on November 24, 2014, and

3. Plaintiff's Motion for Default of Defendant Credence Law Group, Inc. (Doc. 63), filed on January 29, 2015.

After Plaintiff filed these Motions for Default, Plaintiff timely filed a First Amended Complaint on February 17, 2015, which Plaintiff filed *ex parte* and sealed. (Doc. 68). The Court has since unsealed the First Amended Complaint. (Doc. 85). The First Amended Complaint continues to name Landau, Credence Professional Group, Inc., and Credence Law Group, Inc. as Defendants. (Doc. 68). Plaintiff alleges in the First Amended Complaint that Credence Professional Group, Inc., and Credence Law Group, Inc. are dissolved corporations. *Id.*

It is well-established that an amended complaint supersedes the original complaint, thereby rendering the original complaint without legal effect. *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). The Court can, therefore, deny, as moot, a motion for default filed prior to the filing of an amended complaint on the basis that the amended complaint renders the motion for default null. *Marotta v. Cortez*, 2008 WL 5044496, *1 (D. Colo.) (citing *Vanguard Fin. Serv. Corp. v. Johnson*, 736 F.Supp. 832, 835 (N.D. Ill. 1990); *Best Western Int'l, Inc. v. Melbourne Hotel Investors, LLC*, 2007 WL 2990132, *2 (D. Ariz.)). *See also Ogunsalu v. Nair*, 264 Fed. Appx. 672, 674 (9th Cir. 2008) (court did not abuse discretion by setting aside default judgment because superseding pleading made "motion for entry of default judgment as to the original complaint untimely."). Applying that law here, the subsequent filing of the First Amended Complaint renders the Motions for Default moot. Consequently, the Court denies the Motions for Default as moot.

IT IS ORDERED that

1. Plaintiff's Motion for Default of Defendant Byron L. Landau (Doc. 35) is denied as moot;

2. Plaintiff's First Amended Motion for Default of Defendant Credence Professional Group, Inc. (Doc. 36) is denied as moot; and

3. Plaintiff's Motion for Default of Defendant Credence Law Group, Inc. (Doc. 63) is denied as moot.

_____
UNITED STATES DISTRICT JUDGE