IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
HECTOR H. BALDERAS, Attorney General
of New Mexico,

                Plaintiff/Petitioner,

    v.                              Civil Action No.:  1:14-cv-00663-KG-KK

BYRON LEE LANDAU, *et al*,

                Defendants/Respondents.

STIPULATED FINAL ORDER FOR
PERMANENT INJUNCTION AND MONETARY RELIEF
<u>WITH DEFENDANT BYRON L. LANDAU</u>

**THIS MATTER**, having come before the Court upon a stipulated motion between Plaintiff and Defendant Byron Lee Landau and, the Court being fully advised of the claims at issue and the proposed resolution by the parties, hereby

**FINDS THAT**:

1. Plaintiff, the Office of the Attorney General of New Mexico ("OAG" or "Plaintiff" *hereinafter)*, filed its complaint for violations of the Mortgage Assistance Relief Services Rule (MARS Rule), the New Mexico Unfair Practices Act (UPA), and other claims, and petition for injunctive relief, on July 23, 2014.  **[Doc 1]**  Plaintiff subsequently filed a First Amended Complaint on February 17, 2015 **[Doc 68]** and has engaged in discovery thereafter.

2. The defendants named in the initial complaint **[Doc. 1]** are Byron Lee Landau, Credence Law Group, Inc., Credence Professional Group, Inc., Scott Murakami, Ariyo Mackay, also known as Chris Mackay, Vincenzo Ammirato II, John/Jane Does 1 through 10, Doe Corporations 1 through 10, and relief defendants Bank of America, N.A., and American Express

1

Company. Additional defendants named in the first amended complaint **[Doc. 68]** are Patty Walker, Danna Jarrard, also known as Dan Grey and John Grey, Ryan William Marier, Arman Khourshidian, also known as Arman Khorshidian or Mike Khor, Prime Processing Group, LLC, Estate Law Group dot com, America Financial, Inc., Financial Consulting Corporation, State Marketing Group, Mura Consulting Corporation, Time 2 Settle, Inc., Consumer Alliance Referral Center, and relief defendant JPMorgan Chase.

3. Defendant Byron Landau ("Settling Defendant" *hereinafter*) stipulates to the entry of this Stipulated Final Order for Settlement of Claims ("Order") to resolve all matters in dispute between him and Plaintiff in this action.

4. Settling Defendant also agrees to be permanently enjoined from certain acts or practices as set forth below.

**THEREFORE, IT IS ORDERED** as follows:

1. This Court has jurisdiction over this matter and over the parties.

2. The initial complaint **[Doc. 1]** and the first amended complaint **[Doc. 68]** allege that the Defendants, including the Settling Defendant, participated in practices in violation of the Unfair Practices Act and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R., Section 322, re-codified as Mortgage Assistance Relief Services ("Regulation O"), 12 C.F.R., Section 1015, in connection with the advertising, marketing, promotion, or offering of mortgage assistance relief services and "arranging for others" to offer such services.

3. Settling Defendant admits the factual allegations in the First Amended Complain **[Doc. 68]** to the extent those allegations are necessary to establish jurisdiction and render this Order enforceable and lawful.

4. Settling Defendant waives any claims he has or may have against Plaintiff and agrees to bear his own costs and attorneys' fees.

2

5. Settling Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Financial Product or Service"** means any product, service, plan, or program represented expressly or by implication to:

> 1. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;
>
> 2. provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;
>
> 3. improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or
>
> 4. provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

B. **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation, or other business entity.

C. **"Secured or unsecured debt relief product or service"** means:

> 1. with respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication to:
>
>> a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure repossession;

3

b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in an way alter any terms of the mortgage, loan, debt, or obligation, including a reduction of the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector – this includes any consumer loan, such as credit cards, lines of credit, student loans or any other consumer or household debt;

c. obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation of any kind;

d. negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation; (ii) reinstate his or her mortgage, loan, debt, or obligation; (iii) redeem a dwelling or other collateral; (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e. obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f. negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure; or (iii) any other disposition of a mortgage, loan, debt, or obligation, other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

    2. with respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

    a. repay one or more unsecured loans, debts, or obligations; or,

    b. combine unsecured loan, debts, or obligations into one or more new loans, debts, or obligations or otherwise restructure or settle such loans.

E. **"Seller"** means any person who, in connection with a telemarketing transaction, provides, offers to provide, or arranges for others to provide, goods or services to the customer in exchange for consideration, whether or not such person is located in the State of New Mexico.

F. **"Settling Defendant"** means Ryan Marier, his successors, assigns, affiliates, partners, limited liability companies, corporations, trade names, business names, contractors, and agents or employees, by whatever names they might be known.

G. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor.

H. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate or intrastate telephone call.

## ORDER

**BAN ON SECURED AND UNSECURED RELIEF PRODUCTS AND SERVICES**

    6. **IT IS ORDERED** that Settling Defendant is permanently restrained and enjoined from:

A. advertising, marketing, promoting, offering for sale, or selling, directly or indirectly, any secured or unsecured debt relief product or service in the State of New Mexico, including expressly or by implication offering legal services; and

B. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling, any secured or unsecured debt relief product or services in the State of New Mexico, directly or through others.

### PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES

7. **IT IS FURTHER ORDERED** that Settling Defendant, his partnerships, corporations, sole proprietorships, officers, directors, agents, employees, agents, attorneys, and all other persons in active concert or participation with him, who receive notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any financial product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact to any consumer located in the State of New Mexico, including:

A. the terms or rates that are available for any loan or other extension of credit, including:

(1) closing costs or other fees;

(2) the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms:

(3) the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

(4) the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

6

(5) the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third party(ies);

(6) whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

(7) that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees.

B.  the savings associated with the loan or other extension of credit;

C.  the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history; or

D.  that a consumer will receive legal representation.

## PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

8.  **IT IS FURTHER ORDERED** that Settling Defendant, his limited partnerships, corporations, companies (including Credence Law Group, Inc.), his sole proprietorships, his officers, directors, agents, employees, attorneys, and all other persons in active concert or participation with him, who receive notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact to any consumer in the State of New Mexico, including:

A. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer:

B. that any person is affiliated with, endorsed or approved by, or otherwise connected to, any other person, government entity, public, non-profit, or other non-commercial program, or any other program;

C. the nature, expertise, position, or job title of any person who provides any product or service;

D. the person who will provide any product or service;

E. that any person providing a testimonial has purchased, received, or used the product or service;

F. that the experience represented in a testimonial of the product or service represents the person's actual experience resulting from the use of the product or service under the circumstances depicted in the advertisement;

G. the total costs to purchase, receive, or use, or the quantity of, the product or service;

H. any material restriction, limitation, or condition on purchasing, receiving, or using the product or service;

I. any other fact material to consumers concerning any product or service, including any material aspect of the performance, efficacy, nature, or characteristics of the product or service.

**SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS**

9. **IT IS FURTHER ORDERED** that Settling Defendant, his partnerships, corporations, sole proprietorships, officers, directors, agents, employees, attorneys,

and all other persons in active concert or participation with him, who receive notice of this Order, whether acting directly or indirectly in connection with advertising, marketing, promoting, offering for sale, or selling any product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting to any consumer in the State of New Mexico, expressly or by implication, about the benefits, performance, or efficacy of any financial related product or service, unless, at the time such representation is made, Settling Defendant possesses and relies upon competent and reliable evidence that substantiates that the representation is true.

### TRUTHFUL AND COMPLETE FINANCIAL DISCLOSURES

10. Settling Defendant acknowledges that Plaintiff has relied upon Settling Defendant's representations regarding his financial circumstances, his bank accounts, and his assets in agreeing to this Judgment.  If at a later time, it is shown by a preponderance of the evidence that he gave materially incomplete or inaccurate information to Plaintiff, Settling Defendant acknowledges that this Judgment is voidable at the election of Plaintiff and this matter can be re-opened upon motion to the Court. Settling Defendant acknowledges a continuing duty to Plaintiff to provide complete and accurate financial information to Plaintiff upon request, including without limitation, agreeing to sit for one or more financial-related depositions in which Settling Defendant agrees that he will give complete and accurate testimony.

### MONETARY JUDGMENT

11. **IT IS FURTHER ORDERED** that:

A.  Judgment in the amounts below in favor of Plaintiff against Settling Defendant as equitable monetary relief, including restitution and civil penalties as set forth below.

B.  Settling Defendant will pay **$5,000.00** to Plaintiff which Plaintiff will distribute to the New Mexico consumer victims in this case identified in Paragraph 124 of the First Amended Complaint [**Doc. 68[1]**]. If Plaintiff is unable to locate a consumer to whom restitution is owed, those funds will be sent to the New Mexico Secretary of State as abandoned property of that consumer.

C.  In terms of timing of the payments described above, Settling Defendant will make payments to Plaintiff of at least $100.00 per month by certified funds.  The first payment is due within ten (10) days of entry of this Order and thereafter Settling Defendant will submit such payment by first class mail by the fifteenth (15th) day of every month.  Settling Defendant can pay in full at any time.

D.  Should Settling Defendant fail to pay on time, then Plaintiff can return to Court to enforce this Order by motion. If Plaintiff is unable to locate or serve Settling Defendant after reasonable efforts to do so, filing a pleading in this case shall serve as constructive notice to the Settling Defendant.

E.  The facts alleged in the First Amended Complaint [**Doc. 68**] will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Plaintiff, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a non-dischargeability complaint in any bankruptcy case.

F.  <u>Settling Defendant stipulates and agrees that the restitution set forth above *is not dischargeable* in a bankruptcy proceeding.</u>  Further, Settling Defendant stipulates and agrees that the allegations of fact set forth in the initial complaint [**Doc. 1**] and the first amended complaint [**Doc. 68**] are true and correct, and establish all elements necessary for

---

[1] However, consumer Eduwiges R., who was identified in the First Amended Complaint as having paid Defendants $1,553.00, is not owed restitution because forensic accounting has documented that this payment was returned due to insufficient funds.

10

a bankruptcy court to conclude as a matter of law that the Settling Defendant is not discharged from the debt set forth above under the provisions of Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C., Section 523(a)(2)(A), and this Order shall be treated for all purposes as having estoppel effect for such purposes precluding those facts from being re-litigated.

G.  Settling Defendant affirms that his Taxpayer Identification Numbers (Social Security numbers or Employer Identification numbers), which Settling Defendant previously submitted to Plaintiff, may be used for collecting and reporting any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

H.  All money paid to the OAG pursuant to this Order may be deposited into a fund administered by the OAG or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. Settling Defendant has no right to challenge any actions which the OAG or its representatives may take pursuant to this Subsection.

## COOPERATION

12.  **IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the OAG in this case and in any investigation related to or associated with the transactions or occurrences that are the subject of the initial complaint **[Doc. 1]** and the first amended complaint. **[Doc. 68]** Settling Defendant must provide truthful and complete information, evidence, and testimony as reasonably requested by Plaintiff OAG. Settling Defendant must cause Settling Defendants' limited partnerships, corporations, sole proprietorships, officers, directors, agents, employees, attorneys, and all other persons in active concert or participation with any of them, to appear for interviews, discovery, hearings, trials, and any other proceedings that an OAG representative may reasonably request upon five (5)

days' written notice, or other reasonable notice, at such places and times as the OAG representative may designate, without service of a subpoena.

## ENTRY OF JUDGMENT

13.  **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Settling Defendant Byron Lee Landau.

## RETENTION OF JURISDICTION

14.  **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

HECTOR H. BALDERAS
NEW MEXICO ATTORNEY GENERAL

_____
David C. Kramer, Assistant Attorney General
111 Lomas Boulevard NW, Suite 120
Albuquerque, NM 87102
Voice - 505-222-9100
dkramer@nmag.gov
Attorney for Plaintiff State of New Mexico, *ex rel*
Hector H. Balderas, Attorney General of New Mexico

_____
Byron Lee Landau
Defendant, *pro se*
981 Playful Glow Street
Henderson, NV 89052

All other parties provided a copy of this Order via CM/ECF service or U.S. Mail.